UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| In re: Ronnie Bruce Wapotish and Jill Marie Wapotish,<br><br>         Debtors. | Bankruptcy No. 07-B-71218<br>Adversary No. 07-A-96082<br>Chapter 7<br>Judge Manuel Barbosa |
| Timothy C. Canty and Timothy C. Canty, DDS, LTD<br><br>         Plaintiffs,<br><br>v.<br><br>Ronnie Bruce Wapotish and Jill Marie Wapotish,<br><br>         Defendants. | |
| Ronnie Bruce Wapotish and Jill Marie Wapotish,<br><br>         Counter-Claimants,<br><br>v.<br><br>Timothy C. Canty<br><br>         Counter-Defendant. | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion to compel filed by debtors-defendants Ronnie Bruce Wapotish and Jill Marie Wapotish ("Defendants"), pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37, on April 30, 2009. For the reasons set forth herein, the Court denies Defendants' motion to compel.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 (2006) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is an adversary proceeding brought pursuant to Fed. R. Bankr. P. 7001(4), (6). It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) (2006).

## **FACTS AND BACKGROUND**

The following facts and procedural history are taken from pleadings and other papers filed with this court as well as from records to which the parties refer. Many of the facts alleged have been admitted in answer and are, therefore, uncontested.

Defendants filed a Chapter 7 voluntary petition on May 18, 2007. Plaintiffs Timothy C. Canty and Timothy C. Canty, DDS, LTD ("Plaintiffs") filed this adversary case on November 12, 2007. In their complaint, Plaintiffs objected to discharge pursuant to 11 U.S.C. § 727(c) and the dischargability of debt pursuant to 11 U.S.C. §§ 523(a)(2)(B), (a)(4). On December 3, 2007, the Court entered an order denying Plaintiffs' motion for leave to serve limited discovery prior to rule 26(f) conference and extended Defendants' time to file a response to December 21, 2007. On December 21, 2007, Defendants' filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, made applicable through Fed. R. Bankr. P. 7012. Plaintiffs' filed an amended complaint, pursuant to 11 U.S.C. §§ 523(a)(2)(B), (a)(4), 727 on February 8, 2008 through an agreed order which granted Defendants' motion to dismiss by agreement; that order was entered by the Court on February 21, 2008. Defendants' filed an answer to Plaintiffs' amended complaint on April 7, 2008 and a counterclaim against plaintiff Timothy C. Canty ("Canty") for shareholder remedies involving alleged violations of 805 Ill. Comp. Stat. 5/12.56(a)(3),(4) ("Count I") and fraud ("Count II"). Plaintiffs filed an answer to Defendants' counterclaims on May 27, 2008.

Timothy C. Canty, DDS, LTD (the "Corporation") was incorporated in Illinois on June 13, 1983 under the Professional Service Corporation Act, 805 Ill. Comp. Stat. 10/1–19 (as amended). Plaintiffs practice general dentistry in Lake County, Illinois and employed defendant Ronnie Bruce Wapotish ("Ronnie") as a dentist to perform services at Plaintiffs' business in Round Lake Beach, Illinois from 1991 to 2006.

Prior to 1999, Canty was the Corporation's sole shareholder, sole member of the board of directors, and president. In 1998, Canty renewed an offer he had previously made to Ronnie to allow Ronnie to become a twenty percent (20%) shareholder in the Corporation. On December 30, 1999, Ronnie became a shareholder in the Corporation and remains a shareholder of said entity. The parties dispute the amount Ronnie paid and the agreed percentage of stock. Canty remained the Corporation's president and sole member of the board of directors. The Corporation appointed Ronnie as treasurer and Patricia C. Canty, Canty's wife, as secretary.

On June 28, 1983, the Corporation issued a stock certificate to Canty for one thousand (1000) shares. On March 1, 1996, the Corporation issued a stock certificate for one thousand (1000) shares to the Timothy C. Canty Declaration of Trust No. 10293.01 ("Canty Trust"). On March 15, 2004, the Corporation issued a stock certificate to Ronnie for two hundred fifty (250) shares. The Corporation has no shares listed on a national securities exchange or regularly traded in a market maintained by one or more members of a national or affiliated securities association.

Plaintiffs allege that Ronnie executed loan documents and personal guaranties with banks, including a personal guaranty on March 31, 2005 with Northway State Bank, to fund Plaintiffs' ongoing business operations. Plaintiffs also assert that Canty is a co-borrower/debtor on certain obligations of Ronnie to First Bank and that, on the day of Defendants' bankruptcy filing, Canty's and Ronnie's joint obligations to First Bank exceeded six hundred thousand dollars ($600,000). Ronnie concedes that his bankruptcy schedules list an obligation to First Bank exceeding six hundred thousand dollars ($600,000), but he stipulates that Canty is not listed as a co-debtor.

Before January 2007, Ronnie notified Canty that he intended to resign from the

Corporation. Plaintiffs allege that Ronnie subsequently copied a list of the patients that he had performed services at the Corporation, utilizing Plaintiffs' office manager to assist him. Plaintiffs state that, pursuant to Ronnie's employment agreement with Plaintiffs, Ronnie was prohibited from soliciting, treating or maintaining records of any patients from Plaintiffs' business after his departure. Furthermore, Plaintiffs assert that Ronnie solicited Plaintiffs' patients using misappropriated corporate information while he was a corporate shareholder. In November 2006, Canty terminated Ronnie's employment with the Corporation, pursuant to the power vested to Canty by his corporate positions. On November 13, 2006, Canty removed Ronnie as a signatory on the Corporation's checking account.

### *Allegations*

In Plaintiffs' amended complaint, the first count asserts that Ronnie's debt against First Bank is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(B). Plaintiffs allege that Ronnie submitted a false and/or misleading financial statement, which overstated the collateral value to Anchor Bank, on which Plaintiffs relied in agreeing to enter into a commercial loan agreement with Ronnie. According to Plaintiffs, the debt with First Bank, listed on Defendants' bankruptcy schedules, represents the commercial loan with Anchor Bank because First Bank later refinanced this commercial loan.

Plaintiffs' second count involves Ronnie's alleged breach of fiduciary duty. Specifically, Plaintiffs assert that Ronnie falsified billing records when he charged patients for work not performed and, that as a result of Ronnie's actions, Plaintiffs performed corrective work on patients at no cost. Therefore, Plaintiffs request that Defendants be precluded from discharging any obligations arising out of this conduct which have arisen or may arise in the future, pursuant to 11 U.S.C. § 523(a)(4).

Plaintiffs' third count requests that Defendants be precluded from discharging any of their debt, pursuant to 11 U.S.C. § 727(c). Plaintiffs allege that Defendants' bankruptcy schedules: (1) misrepresent Defendants' present and past income; (2) misrepresent the value of certain assets; and (3) list accounts held at Morgan Stanley as "custodial accounts" for minor children while their children are over the age of majority and Defendants have used funds from those accounts for their own purposes.

Defendants list seven affirmative defenses, including: (1) failure to state a claim upon which relief may be granted; (2) waiver, laches, and/or estoppels; (3) the doctrine of unclean hands; (4) dental professional responsibilities and liability insurance obligations; (5) patients' right to choose his or her own dental professional; (6) material concealment or misrepresentation by Plaintiffs; and (7) violation of public policy and other applicable law.

Defendants' first counterclaim against Canty requests relief under 805 Ill. Comp. Stat. 5/12.56. Defendants argue that Canty's conduct against Ronnie has been illegal, oppressive and fraudulent as a corporate shareholder, pursuant to 805 Ill. Comp. Stat. 5/12.56. Specifically, Defendants allege that: (1) Canty, as the Corporation's President, failed to provide or cause to be provided to Ronnie requisite written notice of annual and/or special shareholder meetings as required by Article II, Section 4 of the Corporation's bylaws; (2) Canty's failure to disclose the stock certificate issued to Canty Trust on March 1, 1996 caused Ronnie to make payments on behalf of the Corporation upon his belief that he was a twenty percent (20%) corporate shareholder; (3) Canty, pursuant to his Corporate positions, failed to provide Ronnie with timely access to corporate records; (4) Canty has accessed and used corporate funds for his own personal benefit since Ronnie's stock purchase transaction; (5) Canty, pursuant to his Corporate positions, denied Ronnie access to the Corporation's financial records; (6) Canty failed to timely

pay Ronnie for services he rendered to or on behalf of the Corporation; (7) Canty, pursuant to his Corporate positions, caused, suffered, permitted, or authorized his wife to receive excessive compensation; (8) Canty, pursuant to his Corporate positions, denied Ronnie the ability to act in his capacity as a shareholder and treasurer due to Canty's continued failure to involve Ronnie in shareholder meetings and Canty's unilateral removal of Ronnie from the Corporation's checking accounts; and (9) Canty, pursuant to his corporate positions, filed tax returns or financial statements that are false.

Defendants' second counterclaim alleges that Canty committed fraud when he concealed the existence of the March 1, 1996 stock certificate to Canty Trust for one thousand (1000) corporate shares which caused Ronnie to believe, and to represent to third-parties, that he would become a twenty percent (20%) shareholder in the Corporation. Instead, Ronnie became an 11% shareholder in the Corporation.

*Discovery*

On November 7, 2008, Defendants propounded their request to admit facts, first request for production of documents, and first set of interrogatories to Plaintiffs. Plaintiffs received the requests and interrogatories on November 10, 2008. On December 5, 2008, Plaintiffs filed a motion for enlargement of time to file answers to request to admit facts because Canty and members of his immediate family had had several significant health concerns over the previous six (6) months. The Court granted Plaintiffs' motion on December 8, 2008 and extended Plaintiffs' time to respond until January 15, 2009.

On January 15, 2009, Plaintiffs filed a second motion for enlargement of time to file answers to first request for production of documents and first set of interrogatories because Canty's lead counsel had left his firm and the new attorney that had been assigned needed more

time to discuss the answers to the outstanding discovery requests with his client. The Court granted Plaintiffs' motion on March 11, 2009 and extended Plaintiffs' time to file answers to March 2, 2009. On March 2, 2009, Plaintiffs filed their third motion for enlargement of time to file answers to first request for production of documents and first set of interrogatories. The Court granted this motion on March 11, 2009 and granted until March 24, 2009 for Plaintiffs to submit answers to Defendants by March 24, 2009.

According to Defendants, on March 20, 2009, Plaintiffs' counsel informed Defendants' counsel that Defendants' first request for production of documents was "too difficult" and, therefore, the Corporation's accountant could grant access to the records in his conference room and allow Defendants and their legal counsel to review the business records. Defendants argue that this proposal does not comply with the discovery requests or applicable law.

On March 23, 2009, Plaintiffs responded to Defendants' first request for production of documents and first set of interrogatories. According to Defendants, Plaintiffs' response did not comply with the discovery request or applicable law. Therefore, on April 30, 2009, Defendants filed a motion to compel. Plaintiffs filed an answer on May 14, 2009. Defendants replied on June 10, 2009. Defendant's motion to compel is the matter at issue.

## DISCUSSION

Courts have broad discretion in matters that relate to discovery. Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002); see also Fed. R. Civ. P. 37; Fed. R. Bankr. P. 7037. Bankruptcy Rule 7037 makes Federal Rule of Civil Procedure 37 applicable to these proceedings. In re Mapson, 93 B.R. 161, 167 (Bankr. C.D. Ill. 1988) (citing Fed. R. Bankr. P. 7037; Fed. R. Civ. P. 37).

*Production of Documents*

Plaintiffs offered Defendants access to its corporate financial documents through the Corporation's accountant. If these documents were kept in the "usual course of business," Plaintiffs complied with the discovery request because Federal Rule of Civil Procedure 34(b)(2)(E)(i), made applicable by Bankruptcy Rule 7034, states that "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]" Fed. R. Civ. P. 34(b)(2)(E)(i). The rule "gives the producing party the option of labeling and organizing the documents or giving the discovering party access in the usual course of business." Devon Mobile Commc'ns Liquidating Trust v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.), 338 B.R. 546, 553 (Bankr. S.D.N.Y. 2005); see also Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc., 240 F.R.D. 401, 410–11 (N.D. Ill. 2007). The Court finds that Plaintiffs complied with Defendants' first request for production of documents since Plaintiffs offered to provide Defendants access to the relevant documents kept in the usual course of business. There is no indication that they have not been kept in the usual course of business. Therefore, Defendants' motion to compel with respect to the production of the Corporation's business documents is denied.

*Other Objections*

Both the Federal Rules of Civil Procedure and Local Rule 7037-1 require litigants to confer on discovery disputes before filing a motion to compel with the Court. The Federal Rules of Civil Procedure specifically provide that "[t]he motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Local Rule 7037-1 specifies that the motion to compel discovery

> must include a statement that: (1) after consultation in person or by telephone, and after good faith attempts to resolve differences, the

> parties are unable to reach an accord; or (2) counsel's attempts to
> engage in such a consultation were unsuccessful due to no fault of
> counsel. Where consultation has occurred, the statement in the
> motion must recite the date, time, and place of the consultation,
> and the names of all persons participating. Where counsel was
> unsuccessful in engaging in the consultation, the statement in the
> motion must recite in detail the efforts counsel made to engage in
> the consultation.

Bankr. N.D. Ill. R. 7037-1. Courts "have broad discretion to determine how and when to enforce local rules . . . ." Mintel Int'l Group, Ltd. v. Neerghen, No. 08 CV 3939, 2008 WL 4936745, at *1 (N.D. Ill. Nov. 17, 2008) (citing Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 923 (7th Cir. 1994)). Nonetheless, Defendants did not only fail to include a 7037-1 statement with respect to other objections raised by Plaintiffs, but there is no indication that Plaintiffs have complied with "the spirit of the rule[.]" Videojet Sys. Int'l, Inc. v. Inkjet, Inc., No. 95 C 7016, 1997 WL 138008, at *2 (N.D. Ill. Mar. 19, 1997). Defendants do not allege that they made any attempt to resolve their contested discovery request before filing their motion to compel. Therefore, the Court denies Defendants' motion as to the remaining objections.

The Court reminds both counsel of the following Federal Rules governing discovery. Under Rule 26(b)(1), "the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "Requests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Kodish v. Oakbrook Terrace Fire Prot. Dist., 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citation omitted). Therefore, "the scope of discovery should be broad in order to aid in the search for truth." Id. (citation omitted).

If a party objects to a request for documentation or an interrogatory, "that party has the burden to show why a discovery request is improper." Burkybile v. Mitsubishi Motors Corp., No. 04 C 4932, 2006 WL 2325506, at *3 (N.D. Ill. Aug. 2, 2006) (citations omitted); see Fed. R.

Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed R. Civ. P. 34(b)(2)(C) ("An objection to part of a request must specify the part and permit inspection of the rest."). "That burden cannot be met by a reflexive invocation of 'the same baseless, often abused litany' that the requested discovery is 'vague, ambiguous, overly broad, unduly burdensome' or that it is 'neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.'" Burkybile, 2006 WL 2325506, at *3 (citing Swift v. First USA Bank, No. 98 C 8238, 1999 WL 1212561, at *7 (N.D. Ill. Dec. 15, 1999)). Courts have repeatedly objected to the use of such "boilerplate" objections. See id. at *3 n.6.

Federal Rule of Civil Procedure 33(a)(1) states that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1) (emphasis added); see also Lavin v. Walls, No. 03-503-GPM, 2006 WL 3370173, at *1 (S.D. Ill. Nov. 21, 2006). Furthermore,

> [i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). However, the "party responding to an interrogatory may not take advantage of Rule 33(d) unless it can show that the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." In re Sulfuric Acid Antitrust Litig., 231 F.R.D. 351, 366 (N.D. Ill. 2005) (quotation and citations

omitted).

The Court must limit "the frequency or extent of discovery" when:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). However, "[b]efore restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." Patterson, 281 F.3d at 681 (quotation and citation omitted).

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to compel.

THEREFORE, IT IS SO ORDERED.

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: July 1, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge